[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12389
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-20129-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO TAVAROUS YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 22, 2016)

Before HULL, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

The key issue in this appeal is whether a district court can deem waived an

accused's right to a speedy trial unless he objects promptly and makes a written

demand for a trial within the 70-day period mandated by the Speedy Trial Act of 1974, 18 U.S.C. § 3161(c)(1). A pretrial order that scheduled Mario Tavarous Young's criminal trial after the statutory period warned that the district court would "deem [Young's right to a] speedy trial to be waived unless . . . [he] otherwise notif[ed] the [district] court within ten (10) days . . . that [he] object[ed] to []his trial date and insist[ed], in writing, on a trial date within the Speedy Trial Act deadlines." Young did not object, but before trial, he moved to dismiss his indictment for failure to comply with the Act. *See id.* § 3162(a)(2). The district court denied Young's motion based on the waiver provision in its pretrial order, and a jury convicted Young of possessing with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), and possessing a firearm as a felon, 18 U.S.C. §§ 922(g)(1), 924(e)(1). Because an accused "may not prospectively waive the application of the Act," *Zedner v. United States*, 547 U.S. 489, 500 (2006), the district court erred by denying Young's motion to dismiss his indictment. We vacate Young's convictions and remand for the district court to determine whether to dismiss Young's indictment with or without prejudice.

## I. BACKGROUND

On March 4, 2014, a grand jury indicted Young for three offenses related to his possession of drugs and a firearm. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. §§ 922(g), 924(e)(1), 924(c)(1)(A)(i). On March 7, 2014, the district court issued a

2

scheduling order that set Young's trial for June 23, 2014. The order also stated that, if "the scheduled trial date . . . [was] set beyond the time limits of the Speedy Trial Act," the district court would "deem speedy trial to be waived unless the parties" gave notice "within ten (10) days . . . that they object[ed] to this trial date and insist[ed], in writing, on a trial date within the Speedy Trial Act deadlines." On March 14, 2014, the district court arraigned Young and appointed him counsel.

On June 11, 2014, defense counsel filed an unopposed motion to continue the trial. The district court granted the motion and issued an order that rescheduled Young's trial for September 8, 2014. That order included another warning about the waiver of rights under the Speedy Trial Act.

On August 20, 2014, Young filed *pro se* a motion to dismiss his indictment. Young argued that the scheduling of his trial on June 23, 2014, which was 101 days after his arraignment, violated the Act under *Zedner*, 547 U.S. 489. The government responded that Young was not entitled to dismissal because he failed to object and demand an earlier trial date, as required in the pretrial order.

A magistrate judge held an evidentiary hearing and recommended that the district court deny Young's motion to dismiss. The magistrate judge determined that "[a]sking for a continuance because the defense would not have been prepared for trial was in effect a waiver of the right to require the government to bring

3

[Young] to trial within 70 days of his first appearance." The magistrate judge ruled that Young's request for a continuance rendered moot his motion to dismiss.

Defense counsel objected to the recommendation. Counsel argued there was no waiver because Young had demanded his full panopoly of rights during arraignment and because the 70-day deadline in the Act expired before he moved for a continuance. The government replied that the defense could not request dismissal of the indictment based on a violation of the Act after having represented that it was unprepared for trial.

The district court denied Young's motion to dismiss. The district court stated that it tried "to comply in spirit with the Speedy Trial Act" and that counsel was obligated to "pay attention" to the notice in the scheduling order and make "an objection to the fact that [trial] may be" after the speedy trial deadline. The district court also stated that "it was self-evident" that it had granted a continuance "in the interest of justice" and that "no defense counsel could object to the granting of [its] motion even [if the trial had been] set . . . beyond the 70 days [when] it was done for the purpose of giving the defendant time . . . to conduct the investigation[] and to complete preparations" for trial.

A jury convicted Young of possessing with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), and possessing a firearm as a felon, 18 U.S.C. §§ 922(g)(1),

924(e)(1). The district court sentenced Young to 180 months of imprisonment.

This appeal followed.

## II. STANDARD OF REVIEW

We review *de novo* the denial of a motion to dismiss based on a violation of

the Speedy Trial Act. *United States v. Mathurin*, 690 F.3d 1236, 1239 (11th Cir.

2012).

## III. DISCUSSION

*Zedner* controls this appeal. In that decision, the Supreme Court held that the

trial deadline in the Speedy Trial Act cannot be enlarged by "mere consent or

waiver" of a defendant. 547 U.S. at 500. The Act mandates that, after a defendant

enters a plea of not guilty, his trial "shall commence within seventy days" of the

filing of his indictment or his appearance before a judge, whichever is later. 18

U.S.C. § 3161(c)(1). Although there are "numerous categories of delay that are not

counted in applying the . . . deadline[]," the Act "specifies [those exclusions] in

detail." *Zedner*, 547 U.S. at 500.

The district court violated the Act by scheduling Young's trial past the

speedy trial deadline. The 70-day period commenced running after Young's

appearance hearing on March 14, 2014, and expired on May 23, 2014, which was a

month before Young's trial date. Although Young filed a motion for an extension

5

on June 11, 2014, that motion could not have tolled the speedy trial deadline because it had already expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding, in habeas corpus context, that an otherwise properly-filed application cannot toll the federal limitations period "when there is no period remaining to be tolled").

In *Zedner*, the Supreme Court ruled that "a defendant may not prospectively waive the application of the Act" and that a delay attributable to a continuance cannot be excluded from the speedy trial deadline by "mere consent or waiver." 547 U.S. at 500. The Act "comprehensively regulates the time within which a trial must begin" and "[c]onspicuously . . . has no provision excluding periods of delay during which a defendant waives [its] application." *Id.* That statutory "omission was a considered one." *Id.*  Congress withheld defendants' ability to make prospective waivers to fulfil the dual purposes of the Act: to safeguard defendants against undue delays in their trials and to protect society by ensuring that criminal cases are resolved quickly. *Id.* at 500–51; *see Barker v. Wingo*, 407 U.S. 514, 519–22 (1972) (describing the dual interests of the Speedy Trial Clause of the Sixth Amendment). If a defendant were empowered to waive the trial deadline, the Court reasoned, it would vitiate the protections afforded society by speedy justice, which includes lessening the opportunity for recidivism during pretrial release and preserving "the deterrent effect of punishment." *Zedner*, 547 U.S. at 501, 502.

6

The district court "deem[ed] speedy trial to be waived unless the parties . . . object[ed] . . . and insist[ed] . . . on a trial date within the Speedy Trial Act deadlines," but whether a district court presumes waiver or exacts a waiver from the defendant is a distinction without difference. Both practices circumvent the strict procedural requirements to be undertaken under the Act. *See* 18 U.S.C. § 3161(h). And, in so doing, both practices disserve the interest of the public in efficient justice. *See also Barker*, 407 U.S. at 526–28 ("reject[ing] . . . the rule that a defendant who fails to demand a speedy trial forever waives his right" because it, in part, disserves "society['s] . . . particular interest in bringing swift prosecutions").

Courts are obligated to comply with the language of the Act when setting trial dates, not simply, as the district court professed, to "comply in spirit with the Act." The district court, which admittedly scheduled trials "90 days instead of 70 days, or 71 days instead of 70," failed to comply with the dictates of the Act. Young could have waived his right to the dismissal of his indictment for a violation of the Act, 18 U.S.C. § 3162(a)(2), but he did not do so. Young timely moved for dismissal of his indictment before his trial commenced. *See id.*

The government argues that Young is estopped from obtaining a dismissal of his indictment, but we disagree. The doctrine of estoppel bars a party from assuming inconsistent positions during an action to benefit his cause. *Zedner*, 547

7

U.S. at 504. Like the defendant in *Zedner*, Young did not "succeed in persuading the District Court to accept the proposition that prospective waivers of Speedy Trial Act rights are valid." *Id.* at 505 (internal quotation marks and brackets omitted). The district court affected a waiver of Young's right to a speedy trial. And Young's motion for a continuance, made *after* the speedy trial deadline had *expired*, was not "clearly inconsistent with the position that he now takes in seeking dismissal of the indictment." *See id.*(internal quotation marks omitted). Young did not move to exceed the speedy trial deadline and did not make a request that was contrary to his later position that the district court violated the Act by scheduling his trial after the speedy trial deadline. Young is not estopped from moving to dismiss his indictment.

The district court erred by denying Young's motion to dismiss his indictment. The Act mandates that, when a trial does not begin within the speedy trial deadline, the information or indictment must be dismissed on the defendant's motion. 18 U.S.C. § 3162(a)(2). Although the district court enjoys "great discretion to make decisions concerning trial schedules and to respond to abuse and delay where appropriate," the Act "confines the exercise of that discretion . . . [and] mandat[es] dismissal of the indictment upon violation of [its] precise time limits." *United States v. Taylor*, 487 U.S. 326, 343–44 (1988).

Young's right to a speedy trial was violated, which requires us to vacate his convictions and remand for the district court to dismiss the indictment, but that dismissal may be with or without prejudice. *See* 18 U.S.C. § 3162(a)(2). The Act provides criteria to guide the district court in determining whether to permit or bar reprosecution. The district court "shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.* Because we vacate Young's convictions, we need not address his arguments about the enhancement of his sentence under the Armed Career Criminal Act.

## IV. CONCLUSION

We **VACATE** Young's convictions and **REMAND** for the district court to dismiss Young's indictment.